UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA FOR THE
USE AND BENEFIT OF SIEMENS
INDUSTRY, INC., AND SIEMENS
INDUSTRY, INC., a Delaware corporation,

    Plaintiffs,

v.                         Civil Action No. 4:15cv18

THE HANOVER INSURANCE COMPANY,
THR ENTERPRISES, INC., and
TIDAL MECHANICAL, INC.

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Siemens Industry, Inc.'s ("Siemens") Motion for Default Judgment against Defendant Tidal Mechanical, Inc. ("Tidal" or "Tidal Mechanical"). (ECF No. 14). Plaintiffs filed a Complaint under the Miller Act and for breach of Contract. (ECF No. 1). Tidal has failed to respond. For the reasons outlined below, the undersigned RECOMMENDS that the Court GRANT Plaintiff's motion and enter default judgment against Tidal.

## I. PROCEDURAL HISTORY AND FACTS

Plaintiffs filed the Complaint alleging Siemens entered into a subcontract agreement with Tidal whereby Siemens agreed to furnish and install an extension of an existing Siemens Apogee System. The Complaint alleges Siemens delivered

1

materials and performed everything necessary to complete its portion of the contract, which was completed on January 31, 2014. Siemens contends payment under the subcontract was due upon completion on January 31, 2014 and that, despite demand for payment, Tidal failed and refused to pay Siemens the amount due under the subcontract. Plaintiffs sent a bond notice as required under the Miller Act, and after allowing all credits, deductions and set-offs, alleges there remains an outstanding balance owing to Siemens of $39,985.00.

On March 3, 2015, Siemens obtained service of process of the Complaint through statutory agent for Tidal, in accordance with Virginia Code § 12.1-19.1. (ECF No. 8). Tidal's response to the Complaint was due March 30, 2015, however, it failed to respond or otherwise appear in this action. As a result, Siemens requested entry of Default (ECF No. 11), and on May 7, 2015 the Clerk of this Court entered default against Tidal. (ECF No. 12). Subsequent to default being entered, the remaining parties waived their right to proceed before a United States district judge and consented to have a United States magistrate judge conduct any and all further proceedings in the case, including trial and entry of final judgment. Tidal did not join in the consent.

Siemens now asks the Court to enter default judgment in its favor against Tidal for breach of contract in the amount of $39,985.00 and for such other and further relief.

## II. ANALYSIS

### A. Magistrate Judge Jurisdiction

Although the matter has been referred to the undersigned Magistrate Judge for any and all further proceedings based on the consent of the parties, the undersigned nevertheless must have jurisdiction to enter final judgment. See, e.g., United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008) (describing the federal court's obligation to satisfy itself of jurisdiction). 28 U.S.C. § 636 provides: "Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court . . . ." 28 U.S.C. § 636(c)(1). Similarly, Rule 73 of the Federal Rules of Civil Procedure allows a Magistrate Judge to conduct civil proceedings "if all parties consent." Fed. R. Civ. P. 73(a) (emphasis added). And, "[w]hen a magistrate judge enters judgment pursuant to this statute, absence of the appropriate consent . . . results in a lack of jurisdiction." Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); cf. Evans v. Larchmont Baptist Church Infant Care Ctr.,

Inc., 956 F. Supp. 2d 695, 701 (E.D. Va. 2013) (default judgment entered by magistrate judge when all parties consented prior to withdrawal of counsel and corporate defendant's default); Roell v. Withrow, 538 U.S. 580, 590 (2003) (inferring implied consent by voluntary appearance).

Here, it is clear that Tidal has not consented to the jurisdiction of a Magistrate Judge for dispositive motions. As explained in the filings herein, Tidal has not appeared at all. Accordingly, the undersigned lacks jurisdiction to enter default judgment against Tidal.

In accordance with § 636 though, "[a] magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ." Fed. R. Civ. P. 72(b)(1) (emphasis added). Thus, based on the District Judge's previous Referral Order, the undersigned will issue a recommended disposition of Plaintiffs' Motion for Default Judgment, but reserve entry of final judgment to the District Judge, following an opportunity for objections pursuant to Rule 72(b); see also 28 U.S.C. § 636(c)(4).

### B. Default Judgment

#### i. The Legal Standard

Default judgment is appropriate where a defendant "has failed to plead or otherwise defend" against an action and that

failure is demonstrated by an affidavit or other filing. Fed. R. Civ. P. 55(a); see also Chafin v. Chafin, 133 S. Ct. 1017, 1025 (2013). After securing entry of default, as Siemens has done here, a plaintiff may move for entry of default judgment. And, where a claim is not for a sum certain, the plaintiff must apply to the court, as opposed to the clerk, for entry of default judgment. Fed. R. Civ. P. 55(b)(2); EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009); S. Bank & Trust Co. v. Pride Grp., LLC, No. 2:14CV255, 2015 WL 410726, at *3 (E.D. Va. Jan. 28, 2015). Whether to grant default judgment lies within the sound discretion of the court. See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953-54 (4th Cir. 1987).

In this case, Tidal's response to the Complaint was due March 30, 2015, at the latest. See (ECF No. 8); Fed. R. Civ. P. 12(a)(1)(A). By failing to answer or otherwise respond, Tidal has admitted "the plaintiff's well-pleaded allegations of fact" in the Complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); see Fed. R. Civ. P. 8(b)(6). That is, Tidal has admitted the allegations in the Complaint to the extent that the Complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Pride Grp., LLC, 2015 WL 410726, at *4 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Necessarily then,

the court must evaluate the sufficiency of the complaint to support the causes of action alleged. See, e.g., id.; Joe Hand Promotions, Inc. v. Citibars, Inc., 2:11cv58, 2012 WL 503212, at *3 (E.D. Va. Feb. 8, 2012) (citing Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998)) ("[T]he Court must nevertheless determine whether Plaintiffs' complaint states a claim upon which relief can be granted.").

"Although well-pleaded factual allegations are accepted as true for default judgment purposes, a party who defaults does not admit the allegations in the claim as to the amount of damages." Pride Grp., LLC, 2015 WL 410726, at *4 (citing Fed. R. Civ. P. 8(b)(6)). Thus, where a court finds that entry of default judgment is appropriate as to liability, it must independently calculate the appropriate amount of damages, or other remedy, based on either an evidentiary hearing or affidavits and documents attached to the plaintiff's motion. Ryan, 253 F.3d at 780-81; Anderson, 155 F.3d at 507.

### C. Breach of Contract

Siemens' complaint and the declaration of Victor Coker-Appiah, Jr. establish that Siemens and Tidal entered into a subcontract and Tidal breached the terms of that contract. In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff;

6

(2) the defendant's violation or breach of that obligation; (3) and injury or damage to the plaintiff caused by the breach of obligation." Squire v. Va. Hous. Dev. Auth., 758 S.E.2d 55, 60 (Va. 2014) (quoting Filak v. George, 594 S.E.2d 610, 614 (Va. 2004)).

The Coker-Appiah Affidavit establishes that Siemens agreed to furnish and install an extension of a Siemens Apogee System as part of a larger project Tidal Mechanical had undertaken on Langley Air Force Base. A copy of the subcontract agreement appears in the record as Exhibit A to the Affidavit. (ECF No. 14-1 at 5-16). Siemens delivered the materials and performed its obligations under the subcontract. (Coker-Appiah Aff., ECF No. 14-1 at 2). Siemens completed its work on January 31, 2014 and thereafter demanded payment. Despite demand, there remains an outstanding balance due to Siemens of $39,985.00. Siemens properly notified the surety as required under the Miller Act on February 21, 2014. Id. (ECF No. 14-1 at 3). Accordingly, based on the admitted allegations in the Complaint and the additional evidence submitted in support of the motion, Siemens is entitled to judgment against Tidal Mechanical in the amount of $39,985.00.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Siemens' Motion for Default Judgment (ECF No.

14), and enter judgment in favor of Siemens Industry, Inc. against Tidal Mechanical in the amount of $39,985.00.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.   A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Order to Tidal Mechanical at:

Tidal Mechanical, Inc.
804 Industrial Avenue, Suite A
Chesapeake, VA  23324

And

Tidal Mechanical, Inc.
601 Pine Lake Drive
Virginia Beach, VA  23462


and to provide an electronic copy of the Order to all counsel of record.

                                        /s/
                                   Douglas E. Miller
                                   United States Magistrate Judge

                                   _____

                                   DOUGLAS E. MILLER
                                   UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 18, 2015

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

Tidal Mechanical, Inc.
804 Industrial Avenue, Suite A
Chesapeake, VA  23324

Tidal Mechanical, Inc.
601 Pine Lake Drive
Virginia Beach, VA  23462

A copy of the foregoing was provided electronically this date to:

Deona Tenae DeClue
Timothy Sullivan
Thompson Coburn LLP
1909 K St NW
Suite 600
Washington, DC 20006

David Allen Hearne
Outland, Gray, O'Keefe & Hubbard
709 Greenbrier Pkwy
Chesapeake, VA 23320

Fernando Galindo, Clerk

By _____
      Deputy Clerk

November 18 ____, 2015