UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA FOR THE
USE AND BENEFIT OF SIEMENS
INDUSTRY, INC., AND SIEMENS
INDUSTRY, INC., a Delaware corporation,

Plaintiffs,

v.  ACTION NO. 4:15cv18

THE HANOVER INSURANCE COMPANY,
THR ENTERPRISES, INC., and
TIDAL MECHANICAL, INC.,

Defendants.

## FINAL ORDER

This matter is before the Court on Plaintiff Siemens Industry, Inc.'s ("Siemens") Motion for Default Judgment against Defendant Tidal Mechanical, Inc. ("Tidal"). ECF No. 14.

On March 3, 2015, Siemens obtained service of process of the Complaint through statutory agent for Tidal, in accordance with Virginia Code § 12.1-19.1. ECF No. 8. Tidal's response to the Complaint was due March 30, 2015, however, it failed to respond or otherwise appear in this action. As a result, Siemens requested entry of Default, ECF No. 11, and on May 7, 2015, the Clerk of this Court entered default against Tidal. ECF No. 12. Subsequent to default being entered, the remaining parties waived their right to

1

proceed before a United States district judge and consented to have a United States magistrate judge conduct any and all further proceedings in the case, including trial and entry of final judgment. Tidal did not join in the consent.

On June 25, 2015, this matter was referred to United States Magistrate Judge Douglas E. Miller, pursuant to the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. ECF No. 16. However, because Tidal had not appeared in the case and had not consented to the jurisdiction of the Magistrate Judge, the Magistrate Judge lacked jurisdiction to enter default judgment against Tidal. Therefore, on November 18, 2015, Magistrate Judge Douglas E. Miller issued a Report and Recommendation, ECF No. 19, recommending that the Court grant Plaintiff's Motion for Default Judgment and enter judgment in favor of Siemens Industry, Inc. against Tidal Mechanical, Inc. in the amount of $39,985.00. By copy of the Report and Recommendation, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court has received no objections to the Magistrate Judge's Report and Recommendation, and the time for filing same has expired.

The Court hereby **ADOPTS** the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed on November 18, 2015, and Plaintiff Siemens

2

Industry, Inc.'s Motion for Default Judgment against Defendant Tidal Mechanical, Inc., ECF No. 14, is **GRANTED**, and this case is **DISMISSED**.[1]

The Clerk shall enter judgment in favor of Siemens Industry, Inc. against Tidal Mechanical, Inc. in the amount of $39,985.00.

Defendant Tidal Mechanical, Inc. is ADVISED that it may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Final Order.[2]

The Clerk shall provide an electronic copy of this Final Order to all counsel of record and shall also mail a copy of this Final Order

---

[1] The Court notes that on November 4, 2015, counsel for Plaintiff Siemen's Industry, Inc. and counsel for Defendants The Hanover Insurance Company and THR Enterprises, Inc. filed a Notice of Settlement of Case and Stipulation of Dismissal. Therefore, the only remaining party left in the case is Defendant Tidal Mechanical, Inc.

[2] In a civil case, a notice of appeal generally must be filed within thirty days after entry of final judgment. Fed. R. App. P. 4(a)(1). However, the time allowed to file a notice of appeal is extended to sixty days when one of the parties is the United States or its officer or agency. Id. 4(a)(1)(B). While the Miller Act requires a subcontractor to bring suit "in the name of the United States," 40 U.S.C. § 3133(b)(3)(A), the Eleventh Circuit has found that the United States is a nominal party to a Miller Act action and a thirty-day deadline to file a notice of appeal is appropriate. U.S. ex rel. Postel Erection Grp., L.L.C. v. Travelers Cas. & Sur. Co. of Am., 711 F.3d 1274, 1276 (11th Cir. 2013). Thus, the Court advises the parties that written notice of appeal should be received by the Clerk within thirty days from the date of this Final Order.

to Tidal Mechanical, Inc. at 804 Industrial Avenue, Suite A, Chesapeake, Virginia 23324 and at 601 Pine Lake Drive, Virginia Beach, Virginia 23462.

/s/ MSD
Mark S. Davis
United States District Judge

Norfolk, Virginia

December 11, 2015

4